**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ALEXIS TOTH-LOPEZ,

    Plaintiff,

v.            Case No. 8:25-cv-361-JRK

FRANK BISIGNANO,
Commissioner of Social Security,[1]

    Defendant.

_____

## OPINION AND ORDER[2]

### I. Status

Alexis Toth-Lopez ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of blindless or low vision, a traumatic brain injury, disc herniations in her spine, chronic pain, sleep issues, anxiety, and depression. Transcript of Administrative Proceedings (Doc. No. 8; "Tr." or "administrative transcript"),

---

[1] Frank Bisignano is now the Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

filed April 14, 2025, at 82, 93, 284. Plaintiff protectively filed an application for DIB on February 16, 2022, alleging a disability onset date of July 1, 2021.[3] Tr. at 238-44, 246-49. The application was denied initially, Tr. at 81-92, 113-16, and upon reconsideration, Tr. at 93-103, 105, 124-26.[4]

On April 16, 2024, an Administrative Law Judge ("ALJ") held a hearing,[5] during which he heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 57-80. On April 26, 2024, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 10-26.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by her lawyer. See Tr. at 4-5 (Appeals Council exhibit list and order), 223-24 (request for review), 374-75 (brief). On September 30, 2024, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On February 12, 2025, Plaintiff commenced this action under 42 U.S.C. § 405(g) by

---

[3] The DIB application summary indicates it was actually completed on February 18, 2022. See Tr. at 246. The protective filing date for the DIB application is listed elsewhere in the administrative transcript as February 16, 2022. See, e.g., Tr. at 82, 93, 238.

[4] Some of these documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[5] The hearing was held via telephone with Plaintiff's consent. See Tr. at 60, 133, 170, 171-72.

timely [6] filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ erred 1) "when evaluating the medical opinions of the state agency psychological consultants where he found their opinions persuasive but omitted potentially dispositive work limitations they opined were present from the residual functional capacity [('RFC')] assessment"; 2) "in evaluating the medical opinion of treating neurologist Kamaldeen Sald[i]n, M.D., where [the ALJ] performed an entirely conclusory evaluation of the supportability and consistency of the opinion"; and 3) by assessing an RFC that "is not supported by substantial evidence where [the ALJ] only considered Plaintiff's functioning during periods of relative stability despite the episodic nature of her traumatic brain injury symptoms." Plaintiff's Brief (Doc. No. 12; "Pl.'s Br."), filed May 12, 2025, at 4 (capitalization omitted); see id. at 5-10 (issue one), 10-14 (issue two), 15-19 (issue three). On July 1, 2025, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 16; "Def.'s Mem.") addressing Plaintiff's arguments.

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of Dr.

---

[6] Plaintiff sought and received additional time to file a civil action. Tr. at 31-32, 34-36, 44-45.

Saldin's opinion. On remand, this reconsideration may impact the Administration's consideration of the remaining issues on appeal. For this reason, the Court need not address the parties' arguments on those issues. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.   The ALJ's Decision

When determining whether an individual is disabled,[7] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7

---

[7]      "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); <u>Phillips v. Barnhart</u>, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. <u>See</u> Tr. at 12-26. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since July 1, 2021, the alleged onset date." Tr. at 12 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: traumatic brain injury[;] status-post right craniotomy; degenerative disc disease; major depressive disorder; and generalized anxiety disorder." Tr. at 13 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 13 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following RFC:

[Plaintiff can] perform light work as defined in 20 CFR [§] 404.1567(b) except that [Plaintiff] is further limited to no more than occasional climbing of ladders, ropes, or scaffolds; and no more than frequent balancing, crawling, crouching, kneeling, stooping, or climbing of ramps or stairs. In addition, [Plaintiff] can perform no more than frequent overhead reaching with the right upper extremity. [Plaintiff] can also have no more than concentrated exposure to vibration or workplace hazards. Furthermore, [Plaintiff] can only perform simple work[] and routine and

repetitive tasks in a work environment free of fast paced production requirements, which is defined as constant activity with work tasks performed sequentially in rapid succession; involving only simple-work related decisions; and adapt to few, if any, workplace changes. Additionally, [Plaintiff] can have no more than occasional interaction with the general public, co-workers, or supervisors.

Tr. at 17 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "Retail Manager." Tr. at 23-24 (some emphasis and citation omitted). The ALJ then proceeded to step five. After considering Plaintiff's age ("24 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 24 (emphasis and citations omitted), such as "Marker," "Router," and "Electrical Assembler," Tr. at 25. The ALJ concluded Plaintiff "has not been under a disability . . . from July 1, 2021, through the date of th[e D]ecision." Tr. at 26 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir.

2001) (citing <u>Falge v. Apfel</u>, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" <u>Dyer v. Barnhart</u>, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting <u>Hale v. Bowen</u>, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Falge</u>, 150 F.3d at 1322 (quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)); <u>see also</u> <u>Biestek v. Berryhill</u>, 587 U.S. 97, 103 (2019); <u>Samuels v. Acting Comm'r of Soc. Sec.</u>, 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." <u>Cornelius v. Sullivan</u>, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues the ALJ erred in evaluating the opinion of her treating neurologist, Dr. Saldin. Pl.'s Br. at 10-14. According to Plaintiff, the ALJ's "entirely conclusory" analysis of Dr. Saldin's opinion is error requiring remand for reconsideration. <u>Id.</u> at 12. Responding, Defendant recognizes the ALJ's

analysis consisted of one sentence referring to inconsistency with the doctor's notes and the longitudinal record. Def.'s Mem. at 14-15. Defendant argues, however, that because evidence was discussed elsewhere in the Decision, that discussion suffices. Id. at 14-16.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources").

An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R.

§§ 404.1520c(a), 416.920c(a).[8] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same,

---

[8]     Plaintiff filed her application after the effective date of sections 404.1520c and 416.920c, so the undersigned applies the revised rules and Regulations.

[the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).[9]

Here, Dr. Saldin authored an opinion on December 22, 2021 regarding Plaintiff's functioning from a neurological standpoint. Tr. at 528-32. Dr. Saldin identified diagnoses of "concussion syndrome, post-traumatic headache, chronic post concussive encephalopathy" and assigned a prognosis of "poor." Tr. at 528. According to Dr. Saldin, Plaintiff has the following symptoms: vertigo/dizziness, difficulty remembering, depression, personality change, fatigue, loss of consciousness, headaches, confusion/inability to concentrate, emotional lability, pain, speech/communication difficulties, difficulty thinking or concentrating. Tr. at 528. Plaintiff also suffers from pain which is reasonably related to the underlying diagnosed conditions. Tr. at 529.

According to Dr. Saldin, Plaintiff is capable of low stress work and has the following functional degrees of limitation: mild limitations in activities of daily living and maintaining social functioning; moderate episodes of decompensation of extended duration; and marked difficulties in maintaining concentration, persistence, or pace. Tr. at 531. Although Plaintiff's condition is

---

[9]    When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

stable, she can be expected to be absent from work due to her impairment or treatment "[m]ore than three times a month." Tr. at 532.[10]

In the Decision, the ALJ summarized this opinion, Tr. at 23, and then found it "minimally persuasive," offering the following analysis of it: "Though [Dr. Saldin] had a treating and examining relationship, his mental and absenteeism notes were stricter than supported by his own notes and were inconsistent with the detailed longitudinal record." Tr. at 23.

The ALJ erred in addressing Dr. Saldin's opinion. Although the ALJ did purport to take into account its consistency and supportability, the conclusory nature of the ALJ's analysis leaves the Court unable to conduct meaningful review. The ALJ has not identified a genuine inconsistency or lack in support between Dr. Saldin's opinion and his notes or the longitudinal record. See Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1262-63 (11th Cir. 2019) (quotation, citation, and internal alteration omitted) ("an ALJ must identify a genuine inconsistency"). Moreover, the ALJ's general discussion of the evidence preceding the analysis of the opinion evidence does not make it sufficiently apparent for the Court how Dr. Saldin's assigned mental limitations and

---

[10]     Dr. Saldin's opinion reflects a tempered approach that is rather unique from the many treating opinions this Court has reviewed in deciding unrelated social security disability appeals. Dr. Saldin's assigned limitations are not overly severe; indeed, he indicates Plaintiff is capable of low stress work. It is the marked limitation in concentrating, persisting, and maintaining pace, together with the likely number of absences assigned by Dr. Saldin, that makes his opinion work conclusive from a disability standpoint (if accepted).

absences from work are unsupported, especially in light of the evidence of continued residual memory loss and continued difficulty concentrating. See Tr. at 19-20; compare Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1276 (11th Cir. 2024) (finding an ALJ's general discussion of the evidence preceding the opinion discussion sufficed when "it is hard to imagine how the ALJ could have been clearer"). The matter must be remanded for reconsideration of Dr. Saldin's opinion.

## V. Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Reconsider Dr. Saldin's opinion in accordance with applicable regulations;

(B) If necessary, address the other arguments in this appeal; and

(C) Take such other action as may be necessary to resolve this claim properly.

2.     The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 30, 2026.

_James R. Klindt_
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record